IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD C. BACHMAN,

       Plaintiff,                    No. CIV S-05-2503 DFL KJM P

   vs.

D.L. RUNNELS, et al.,

       Defendants.          ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983, has requested leave to proceed in forma pauperis based on 28 U.S.C. § 1915 and seeks the appointment of counsel. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3         The United States Supreme Court has ruled that district courts lack authority to
4  require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.
5  Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the
6  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d
7  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In
8  the present case, the court does not find the required exceptional circumstances.  Plaintiff's
9  request for the appointment of counsel will therefore be denied.
10        The court is required to screen complaints brought by prisoners seeking relief
11 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
12 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
13 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
14 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
15 U.S.C. § 1915A(b)(1),(2).
16        In addition, plaintiff is informed that the court cannot refer to a prior pleading in
17 order to make an amended complaint complete.  Local Rule 15-220 requires that an amended
18 complaint be complete in itself without reference to any prior pleading.  This is because, as a
19 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
20 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
21 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
22 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
23        To date, plaintiff has filed four separate complaints; each one appears to contain
24 different allegations.[1]  Good cause appearing, plaintiff will be given leave to file a fourth

---

[1] Petitioner's second amended complaint is mislabeled the "third amended complaint."

1 amended complaint containing all of the claims plaintiff wishes to bring in this action.  In the
2 future, after the filing of the fourth amended complaint, if plaintiff wishes to file a further
3 amended complaint he must seek leave to do so under Rule15 of the Federal Rules of Civil
4 Procedures; if he does not, this action may be dismissed under Rule 41(b) of the Federal Rules of
5 Civil Procedure without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's January 27, 2006 and March 20, 2006 motions for the appointment of counsel are denied.

4.  Plaintiff's complaints filed December 8, 2005, December 22, 2005, March 6, 2006 and May 22, 2006 are dismissed.

5.  Plaintiff is granted thirty days from the date of service of this order to file a fourth amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint"; plaintiff must file an original and two copies of the fourth amended complaint; failure to file a fourth amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: September 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1 bach2503.14